**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000735
17-OCT-2016
07:47 AM**

NO. CAAP-14-0000735

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEVIN S. MURAKAMI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(Report No. 3DTA-12-01499)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kevin S. Murakami (Murakami)
appeals from the Notice of Entry of Judgment and/or Order
convicting him of Operating a Vehicle Under the Influence of an
Intoxicant in violation of Hawaii Revised Statutes § 291E-
61(a)(1) (Supp. 2015), entered by the District Court of the Third
Circuit, North and South Hilo Division (District Court) on
March 5, 2014.[1]

On appeal, Murakami argues[2] that the District Court
abused its discretion when it denied his September 18, 2012

---

[1] The Honorable Harry P. Freitas presided.

[2] Murakami's point on appeal fails to comply with Hawai'i Rules of
Appellate Procedure Rule 28(b)(4) as he fails, *inter alia*, to provide record
citations or to quote any challenged findings or conclusions of the District
Court. "Such noncompliance offers sufficient grounds for the dismissal of the
appeal." Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85, 979 P.2d
1107, 1111 (1999) (citing Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909
P.2d 553, 556 (1995)). "Nonetheless, inasmuch as 'this court has consistently
adhered to the policy of affording litigants the opportunity to have their
cases heard on the merits, where possible,' [Bettencourt] at 230, 909 P.2d at
558 (citation and internal quotations omitted), we address the issues
[Appellant] raises on the merits." Id. at 85-86, 979 P.2d at 1111-12.
Counsel is cautioned that future violations may result in sanctions.

motion to compel discovery of certain Intoxilyzer maintenance and calibration records.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Murakami's point of error as follows and affirm.

The District Court did not err by denying the Motion to Compel.[3] Discovery in non-felony criminal cases is governed by Rule 16(d) of the Hawai'i Rules of Penal Procedure (HRPP). State v. Ames, 71 Haw. 304, 308, 788 P.2d 1281, 1284 (1990). Discovery may be permitted by the trial court upon a showing of materiality and if the request is reasonable but only to the extent authorized by HRPP Rule 16 in felony cases. Id. at 309, 788 P.2d at 1284.

In Ames, the Supreme Court of Hawai'i held that the Intoxilyzer results and the calibration results for an Intoxilyzer may be discoverable in misdemeanor cases under HRPP Rule 16(d). See Ames, 71 Haw. at 311 & n.9, 788 P.2d at 1285 & n.9; see also State v. Lee, 120 Hawai'i 256, 203 P.3d 676, No. 29017 2009 WL 641462 at *1 (App. Mar. 13, 2009) (SDO). However, the Ames court limited discoverable documents to the results directly linked to the defendant, such as the defendant's particular test results and on the "[d]ate of calibration or verification of accuracy." Id. By contrast, the Ames court specifically vacated the order of discovery of more maintenance and calibration results, such as

> 16. A copy of all repair, calibration, and maintenance records and memoranda (including the permanent record book and repair invoices) for the Intoxilyzer 4011AS used in this case for the 30 days preceding and 30 days subsequent to the date of the Defendant's test; and the original records for the life of the Intoxilyzer 4011AS used in this case to be made available for inspection and photocopying by Defendant's attorney. (Citation omitted).

> . . . .

---

[3] On appeal, Murakami argues that the records in question are potentially exculpatory and are therefore required disclosures on due process grounds under Brady v. Maryland, 373 U.S. 83 (1963). However, Murakami did not assert a due process violation in support of his September 18, 2012 motion to compel. Therefore this argument is deemed waived. Enoka v. AIG Hawaii Ins. Co., 109 Hawai'i 537, 546, 128 P.3d 850, 859 (2006) (Generally, "failure to raise or properly reserve issues at the trial level would be deemed waived.") (citation and internal quotation marks omitted)).

18. The method of calibration which was utilized for the Intoxilyzer 4011AS used in this case. (Citation omitted).

Ames, 71 Haw. at 315, 788 P.2d at 1287 (emphasis added).

More recently, this court has ruled that discoverable calibration records are limited to records made in close proximity to the date that the device was used to cite the defendant. See, e.g., State v. Elizares, 136 Hawai'i 28, 356 P.3d 1048, CAAP-14-0000498 2015 WL 5691390 at *1 (App. Sept. 28, 2015) (SDO) (cert. denied) (heard by the District Court with the instant case), State v. Eid, 127 Hawai'i 3, 274 P.3d 1247, No. 29587 2012 WL 1071499 at *2 (App. Mar. 30, 2012) (SDO) (where defendant sought, inter alia, maintenance records of any device used to calibrate a police car speedometer for one year prior to his alleged offense, "Eid did not make a prima facie showing that the speed check evidence or speedometer reading were unreliable, and any claim on his part that the requested discovery would tend to negate his guilt or was material to his defense was speculative."); Lee, 120 Hawai'i 256, 203 P.3d 676, No. 29017 2009 WL 641462 at *3 ("If the laser gun is functioning properly on the date of the alleged offense, the age and date of purchase of the laser gun do not appear to be material to the defense. See HRPP Rule 16(d).").

Murakami also argues that the continuous length of service of Intoxilyzer 68-011667 is itself suspect because such machines are allegedly unreliable. Murakami "specifically alleg[es] that the Intoxilizer [sic] [68-011667] was improperly maintained and therefore cannot be relied upon as a competent source of information[.]" Murakami provides no legal authority to support his proposition of general unreliability and does not proffer evidence of alleged impropriety, but rather speculates that the calibration records of Intoxilyzer 68-011667 dating back to 2008 -- when Intoxilyzer 68-011667 began its uninterrupted service -- will provide insight into inevitable mistakes in its maintenance and calibration because (1) ever since "[Officer Nacis] signed off as the supervisor, and ever since he took over there has been no malfunction"; and (2) the expert testimony of

Dr. Michaud indicates that verifying the accuracy of Intoxilyzer 68-011667 is not possible without certain information.

Murakami's argument is without merit. As his counsel acknowledged before the District Court, defendants are routinely provided with (1) the maintenance and calibration records taken thirty days before and after the breath test in question; and (2) the actual results of Murakami's breath test. As explained in Eid, without a prima facie showing that the measuring instrument was otherwise unreliable, any claim that the requested discovery would tend to negate his guilt or was material to his defense is speculative. As explained in Lee, if the measuring instrument is functioning properly on the date of the alleged offense, then the historical calibration and maintenance records are not material to the defense. Lee, 120 Hawai'i 256, 203 P.3d 676, No. 29017 2009 WL 641462.

Therefore, the March 5, 2014 Notice of Entry of Judgment and/or Order entered by the District Court of the Third Circuit, North and South Hilo Division is affirmed.

DATED: Honolulu, Hawai'i, October 17, 2016.

On the briefs:

Stanton C. Oshiro,
for Defendant-Appellant.

Patricia A. Loo,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge